Piggott v. Addicks.

*H. T. Reid, pro se.*

3g 427
e119 743

PIGGOTT v. ADDICKS.

A petition to set aside a judgment is defective, unless it avers that the judgment is unjust and oppressive, and that there is a good defense.

The door of equity is open only to such as have been or may be injured, and the injury sustained or apprehended should be clearly set forth in the petition.

Where a party has a plain and adequate remedy at law, he cannot resort to chancery.

Piggott *v.* Addicks.

APPEAL *from the Lee District Court.*

*Opinion by* KINNEY, J.   A judgment having been rendered in the court below in favor of Addicks, Van Dusen, and Smith, against Piggott in attachment proceeding, he filed a petition in chancery to set it aside, stating among other things that no service actual or constructive was ever made upon him; that one, William McLennin, a practising attorney of the court appeared without any authority and filed a demurrer which was the only appearance in the case on the part of the defendant. The petitioner also charges that the appearance of McLennin was at the especial instance and request of the attorneys for the plaintiff, they well knowing that one Thomas W. Claggett was the attorney for the defendant in the said attachment proceeding.

The petition was demurred to, and the following causes among others specially assigned.

"The petition does not state that the sum of money for which the judgment was rendered was not due to the plaintiffs, or that the judgment operated oppressively upon the defendant, or that he had any defence at law.

"The petition does not allege that the party resorted to his legal remedy, viz: a motion to set aside the judgment, and the petitioner has, and, had such remedy and can avail himself of it."

The demurrer was sustained, and as we think, correctly. Either of the causes of demurrer are fatal to the bill. Before the plaintiff should be permitted to set aside the judgment it was incumbent upon him to state in his petition that it was unjust, and that he did not owe the amount for

which judgment was rendered. There is no propriety in setting aside a judgment and opening the door for further litigation if the result is to be the same. Such a proceeding would only delay the creditor in the collection of an honest debt, and be of no possible advantage to the debtor.

If it had appeared by the showing of the plaintiff that he had a meritorious defense to the claim, or any part of it, and that he had been deprived of making such defense by the unauthorized appearance of an attorney, then upon a proper application, the court should have opened the judgment for the purpose of permitting such defense. But there is no pretence of defense, or that the judgment is not just, or that it could in any manner be reduced upon a second trial. The door of equity is only open to such as have been or may be injured, and before chancery will take jurisdiction, the injury sustained or apprehended should be clearly set forth in the petition. The appearance of McLennin as counsel, is *prima facie* evidence that he had authority from the defendant to do so, and before his act as counsel could be avoided it was necessary to show in the petition that an injury resulted from such appearance. This doctrine is well and ably settled in the case of *Denton* v. *Noyes*, 6 John. R., 295.

But the petitioner having a plain and adequate remedy at law, he cannot resort to chancery.

1st. He has a remedy against the attorney, and from aught that appears, he is able to respond to all damages which the plaintiff has sustained in consequence of an improper appearance. If from insolvency, or other cause, an adequate redress could not be obtained by proceeding against the attorney, and if there is no other legal remedy, then a court of equity, if the party has been injured, will afford relief. But as the court below has control of its own records, the party had a right, within any reasonable time, while the judgment remained unexecuted, and while there

were no intervening rights, to appear, and on a proper showing, have the judgment set aside.

Judgment affirmed.

*Geo. C. Dixon,* for appellant.

*Lowe & Rankin,* for appellee.